COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-06-00298-CV |
| IN RE: CLAIRE STANARD PHILLIPS, | | |
| | § | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | § | IN MANDAMUS |
| | § | |

**OPINION ON PETITION FOR WRIT OF MANDAMUS**

This original proceeding arises from the trial court's disbursement of proceeds from the sale of a marital home during the pendency of an appeal. Relator, Claire Stanard Phillips, seeks a writ of mandamus against the Honorable Frances A. Harris, Judge of the 302nd District Court of Dallas County, Texas. We have consolidated this cause with the direct appeal of the division of property incident to divorce. For the reasons that follow, we deny relief.

**FACTUAL AND PROCEDURAL SUMMARY**

A final decree of divorce between Relator and Troy Phillips was entered on February 13, 2006. The decree reflected the jury's finding that Troy committed constructive fraud and awarded Relator damages of $404,407. After various offsets and credits were applied, the court awarded Relator a money judgment of $101,961. The court ordered that the community residence be sold and it appointed Donald Hicks as the receiver to effectuate sale. The court determined that each party had a $125,000 separate property interest in the marital residence and ordered disbursement to them upon closing. The decree provided for the following distribution of the sale proceeds:

1. Full payment of all costs of sale including commissions;

2. Full payment of all current mortgages, including principal, interest, penalties, and fees;

3. Payment of $125,000 to each spouse, for his or her separate property interest in the home;

4. Payment to Relator in satisfaction of all or part of the money judgment;

5. Repayment of monies paid by either party to reduce the principal on the mortgage since July 5, 2002; and

6. Any remaining balance to be equally divided between the parties.

Relator filed a motion for new trial contesting – among other things – Troy's separate property interest in the home. On April 13, she filed a notice of *lis pendens* in execution of her $101,961 judgment against the proceeds from the sale of the house. A contract for sale at the price of $530,000 was accepted on April 30 and closing was scheduled for June 6. Relator filed a notice of appeal on May 15.

On June 5, the trial court heard the receiver's motion to accept, authorize, approve, and affirm the sale. Hicks testified that the title company would not close unless Relator released the *lis pendens*. He added that he also expected Relator to release the *lis pendens* because the net proceeds of $245,000 would be paid into the registry of the court. Relator asked for the immediate disbursement of her separate property portion of the sale proceeds, $125,000, and requested that the $101,961 money judgment and surplus funds be escrowed by the title company. But according to Hicks, the title company could not hold the proceeds for more than thirty days after funding due to insurance regulations. Troy asked that the money be disbursed immediately or placed in the registry of the court. Ultimately, the parties agreed to place the sales proceeds in an interest-bearing account with Relator's attorney, Stephen Shoultz, acting as the trustee for the parties. Relator then stipulated that the receiver could remove the *lis pendens*, and the court issued an order disbursing $125,000 to Relator. The remainder was placed in the interest-bearing account.

On July 18, Troy filed a motion to recoup $125,000 – his separate property interest – from the funds held by Shoultz. Alternatively, he tendered payment of the $101,961 judgment from the funds held by Shoultz. Relator rejected the tender,[1] contending that Section 9.007 of the Family Code limited the court's authority to enforce its judgment pending appeal.[2] The trial court granted Troy's motion to disburse the funds and ordered Shoultz to immediately deliver $125,000 to him. Relator sought mandamus relief in both the Fifth Court of Appeals and this court. We issued an order reciting our jurisdiction pursuant to Section 22.221(a) of the Texas Government Code[3] and we consolidated the mandamus proceeding with the direct appeal. In light of our order, the Fifth Court of Appeals dismissed the mandamus petition filed in that court without consideration of the merits and in the interest of judicial comity. *In re Phillips*, Cause No. 05-06-01491-CV, 2007 WL 18689 (Tex.App.--Dallas Jan. 4, 2007, orig. proceeding).

### STANDARD OF REVIEW

Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994)(orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992)(orig. proceeding). A court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839. The party challenging the trial court's decision as an abuse of discretion must

---

[1] Undoubtedly, there was a concern about accepting the benefits of the judgment.

[2] At the time of this motion, the direct appeal from the divorce, *Claire Phillips v. Troy D. Phillips* (our cause number 08-06-00171-CV) had been transferred from the Fifth Court of Appeals to the Eighth Court of Appeals.

[3] Our power to issue writs is defined in Section 22.221 of the Texas Government Code. Pertinent to this case, Section 22.221 grants the court of appeals the authority to issue: (a) writs of mandamus and other writs necessary to enforce their jurisdiction; and (b)(1) writs of mandamus against a judge of a district or county court in the court of appeals district. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004).

establish that the facts and law permit the trial court to make but one decision. *In re University Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000)(orig. proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding).

## A COURT'S AUTHORITY TO ENFORCE JUDGMENTS

Relator contends that the order distributing funds to Troy is void because it was entered 233 days after expiration of the trial court's plenary power. She argues that the order violates Section 9.007(c) of the Family Code which restricts the trial court's power to render further orders to assist in the implementation of or to clarify the property division. Troy responds that the order at issue here is merely a direction to a ministerial officer to permit enforcement of the judgment. He advises us that Relator asked for and obtained a similar order after her motion for new trial was overruled by operation of law and during the pendency of the appeal.

A court has inherent judicial authority to enforce its orders and decrees. *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex.App.--Dallas 2005, no pet.). When the judgment has not been superseded, the trial court has jurisdiction to hear a motion to enforce, even though the judgment has been appealed. *See In re Crow-Billingsley Air Park, Ltd.,* 98 S.W.3d 178, 179 (Tex. 2003); *Cook*, 170 S.W.3d at 920. A court retains jurisdiction after the expiration of its plenary power to clarify or enforce a judgment. *Kenseth v. Dallas County*, 126 S.W.3d 584, 598 & 606 (Tex.App.--Dallas 2004, pet. denied). It also has the authority to disburse money held in its registry. *Kenseth*, 126 S.W.3d at 598; *Cook*, 170 S.W.3d at 919. It is undisputed that the sale proceeds would have been placed in the registry of the court had the parties not agreed to place the funds in an interest-bearing account. We conclude that the order is not void.

Section 9.007 of the Texas Family Code, entitled "Limitation on Power of Court to Enforce," provides:

(a)  A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment.  An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b)  An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

(c)  The power of the court to render further orders to assist in the implementation of or to clarify the property division is abated while an appellate proceeding is pending.

TEX.FAM.CODE ANN. § 9.007 (Vernon 2006).  Two of our sister courts have interpreted subsection (c).  In *English v. English*, 44 S.W.3d 102 (Tex.App.--Houston [14th Dist.] 2001, no pet.), the parties, Eula and Manous, were divorced in January 1998.  The original decree gave each party an option to purchase the other's interest in the homestead.  If neither spouse exercised the option, the home would be sold and the proceeds divided.  The decree required that the option be exercised on or before 180 days after the decree was signed.  The option period could be extended by agreement.  Manous filed a notice of appeal, but he did not file a supersedeas bond.  The Fourteenth Court of Appeals dismissed the appeal for want of prosecution on January 7, 1999.  Thereafter, Eula's attorney notified his counterpart that Eula exercised her option, had already obtained a loan, ordered the title work, and set a closing date.  Manous did not appear at the closing and Eula filed a motion for enforcement.  The trial court ruled that Eula's 180-day option period did not begin to run until Manous' appeal was dismissed.  Manous appealed the enforcement order, contending that Eula could have exercised her option during the pendency of the appeal and that the 180-day window opened on the date the trial court signed the judgment.

The court of appeals concluded that a trial court is legislatively restrained by Section 9.007(c) from rendering further orders to assist in the implementation or clarification of the property division pending appeal.  *English*, 44 S.W.3d at 106.  The plain statutory language does not stay, supersede,

or otherwise inhibit the finality of the decree absent a supersedeas bond. *Id.* Similarly, the plain language is directed at the power of the court, not to the obligations and responsibilities of the parties. *Id.* Under the statute, the trial court is prohibited from implementing and clarifying the property division by way of further order. *Id.* But the ministerial act of execution upon the judgment is not proscribed. *Id.*; *State v. Blair*, 629 S.W.2d 148, 150 (Tex.App.--Dallas 1982)(execution in a judgment is merely a direction to a ministerial officer to permit enforcement of the judgment), *affirmed by Blair v. State*, 640 S.W.2d 867 (Tex. 1982). Thus, the judgment granted each party an option beginning on the date the decree was signed, and neither a supersedeas bond nor Section 9.007(c) prohibited the free exercise of the option. *English*, 44 S.W.3d at 106. Eula's option expired 180 days after the decree was signed. *Id.*

The First Court of Appeals has addressed the applicability of Section 9.007(c) to a motion to enforce the terms of a property division by criminal contempt pending appeal. *See In re Fischer-Stoker*, 174 S.W.3d 268 (Tex.App.--Houston [1st Dist.] 2005, orig. proceeding). Both parties had been ordered to deliver an accounting of their bank accounts along with a check made payable to the other spouse by a date certain. Fisher-Stoker failed to comply and filed a notice of appeal. Stoker responded with a motion for contempt and Fisher-Stoker filed a motion to dismiss. In resolving the issue, the court first revisited *Ex parte Boniface*, 650 S.W.2d 776 (Tex. 1983), which held that once the jurisdiction of the appellate court has attached, contempt proceedings must be instituted in that court, rather than in the trial court. It then considered Stoker's argument that statutory amendments to the Family Code had abrogated *Boniface*, and that the Supreme Court's more recent opinion in *In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) confirmed the abrogation. The issue in *Sheshtawy* was whether an award of spousal maintenance was enforceable by contempt during the pendency of an appeal. The Supreme Court was "unable to discern a compelling reason for withdrawing a trial

court's authority to enforce a final judgment pending appeal when that judgment has not been superseded or stayed and no statute or rule of procedure removes the trial court's authority." *Id.* at 124. Because there was no statutory or procedural prohibition, the court concluded that the trial court could indeed enforce its judgment by contempt. *Id.* at 125. But the First Court of Appeals found that *Sheshtway* did not apply to a motion for contempt arising from a property division. "*Sheshtawy* clearly abrogates *Boniface's* holding . . . [h]owever, the Legislature also amended the Family Code in the intervening years between *Boniface* and *Sheshtawy* with respect to the power of the trial court to issue orders changing or amending the *property division* in a final judgment of divorce during the pendency of an appeal." *In re Fischer-Stoker*, 174 S.W.3d at 271, *citing* TEX.FAM.CODE ANN. § 9.007(a), (b)(Vernon 1998). The court construed the relief sought as a request for an order to assist in the implementation of the property division. *Id.* This was "precisely the type of order that a trial court is prohibited from issuing during the pendency of the appeal." *Id.*, *citing English*, 44 S.W.3d at 106. Thus, the power of the trial court to issue an order of contempt is abated during the pendency of the appeal. *Id.* at 272.

The order of which Relator complains is not an order of contempt. It provided for the distribution of the sale proceeds, including the payment of $125,000 to each party for their separate property interest. Only then was Relator to be paid all or part of the money judgment. She has not filed a supersedeas bond. We conclude that the order of disbursement is not a further order assisting in the implementation of the property division. Rather, it is merely a direction to a ministerial officer to enforce the judgment. Consequently, we deny relief.

March 26, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating