NUMBER 13-11-00341-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE CHARLEY N. WHITE

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Vela, and Perkes

Per Curiam
Memorandum Opinion[1]

Relator, Charley N. White, pro se, filed
a petition for writ of mandamus in the above cause on May 31, 2011.  Through
this original proceeding, relator seeks to “give the 214th Judicial
[District] Court mandate to give the Nueces County District Clerk[‘]s office
and (or) the Nueces County District Attorney[‘]s Office orders to release
evidence and information requested, or, to give reasons why this cannot be
fulfilled.”  

To be entitled to mandamus relief, relator
must establish both that he has no adequate remedy at law to redress his
alleged harm, and that what he seeks to compel is a ministerial act not
involving a discretionary or judicial decision.  State ex rel. Young v. Sixth
Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex.
Crim. App. 2007).  If relator fails to meet both of these requirements, then
the petition for writ of mandamus should be denied.   See id.   It is relator’s
burden to properly request and show entitlement to mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).  In addition to other
requirements, relator must include a statement of facts supported by citations
to “competent evidence included in the appendix or record,” and must also
provide “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See
generally Tex. R. App. P.
52.3.  In this regard, it is clear that relator must furnish an appendix or
record sufficient to support the claim for mandamus relief.  See id. R.
52.3(k) (specifying the required contents for the appendix); R. 52.7(a)
(specifying the required contents for the record).

The Court, having examined and
fully considered the petition for writ of mandamus and the applicable law, is
of the opinion that relator has not met his burden to obtain mandamus relief.  See
State ex rel. Young, 236 S.W.3d at 210.   Moreover, to the extent that
relator’s petition may be construed so as to seek mandamus relief as against a
district clerk or district attorney, we do not have jurisdiction against a
district clerk or a district attorney unless necessary to enforce our
jurisdiction, and relator has not demonstrated that the requested relief is
necessary for this purpose.  See Tex.
Gov’t Code Ann. § 22.221 (West 2004); In re Richardson, 327 S.W.3d
848, 851 (Tex. App.–Fort Worth 2010, orig. proceeding); In re Phillips,
296 S.W.3d 682, 684 (Tex. App.–El Paso 2009, orig. proceeding); In re
Washington, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig.
proceeding).  Accordingly, the petition for writ of mandamus is DENIED.  See
Tex. R. App. P. 52.8(a), (d).

 

                                                                                                            PER
CURIAM

Do not publish.

Tex.
R. App. P. 47.2(b).

 

 

Delivered and filed the 

2nd day of June, 2011.

                                                

                                                                                                

 









[1] See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).