

NUMBER 13-11-00341-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE CHARLEY N. WHITE

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes**
**Per Curiam Memorandum Opinion[1]**

Relator, Charley N. White, pro se, filed a petition for writ of mandamus in the above cause on May 31, 2011. Through this original proceeding, relator seeks to "give the 214th Judicial [District] Court mandate to give the Nueces County District Clerk['']s office and (or) the Nueces County District Attorney['']s Office orders to release evidence and information requested, or, to give reasons why this cannot be fulfilled."

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Moreover, to the extent that relator's petition may be construed so as to seek mandamus relief as against a district clerk or district attorney, we do not have jurisdiction against a district clerk or a district attorney unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.–Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex.

App.–El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a), (d).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).


Delivered and filed the
2nd day of June, 2011.