

## NUMBER 13-13-00450-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE DENNIS RAY TERRELL

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Per Curiam[1]

On August 12, 2013, Dennis Ray Terrell, proceeding pro se, filed a "Motion to Compel District Clerk to Perform Ministerial Duty" in this Court. We construe this pleading as a petition for writ of mandamus. Relator seeks to compel the District Clerk of Wharton County to "perform her ministerial duties" and file and execute relator's motion for speedy trial. In this pleading, relator also requests that we order the District Attorney of Wharton County to either prosecute or dismiss the charges brought against

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

relator on a detainer issued for a forgery charge. We dismiss the petition for writ of mandamus for lack of jurisdiction.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

2

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

Relator's petition seeks mandamus relief against a district clerk and district attorney. However, we do not have original jurisdiction against a district clerk or a district attorney unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.?Houston [1st Dist.] 1999, orig. proceeding).

3

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not established this Court's jurisdiction over the relief sought. Accordingly, the petition for writ of mandamus is DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of September, 2013.