

**NUMBER13-13-00542-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE DAVID FLORES

---

## On Petition for Writ of Mandamus, Prohibition, or Injunction.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus, prohibition, or injunction, David Flores, proceeding pro se, seeks relief against Ruby Garcia, the District Clerk of Refugio County, because she failed to file an original proceeding, and against Associate Judge John George of the 24th District Court of Refugio County, because he refused to consider, hear, or rule on the original proceeding. Relator alleges that he has prepared a petition

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

for writ of mandamus contending that employees of the Texas Department of Criminal Justice have denied him access to an "audio CD transcript" of trial court proceedings relevant to relator's pending appeal.[2]  We strike the petition for writ of mandamus, prohibition, or injunction.

## I. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law."  TEX. CONST. art. V, § 6. As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding).  In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court."  TEX. GOV'T CODE ANN § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district."  *Id.* § 22.221(b).

Relator's petition seeks relief against the district clerk and the trial court. However, we do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction.  *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848,

---

[2] This original proceeding arises from trial court cause number 2012-12-11617 in the 24th District Court in Nueces County, Texas.  Relator currently has an appeal pending in this Court in appellate cause number 13-13-00337-CV arising from the same trial court cause number.  As stated in this original proceeding, relator seeks access to the "audio CD transcript" for purposes of preparing his brief in the appeal.  As of this date, relator has not filed a motion in the appeal seeking access to the trial court records.

851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Given that relator seeks to gain access to the audio recording transcript "for the purpose of preparing [his] appellate brief" in the pending appeal, we conclude that we have jurisdiction over this original proceeding.

## II. CHAPTER FOURTEEN

As an initial matter, we note that the Attorney General of Texas has filed an "Amicus Curiae Chapter 14 Advisory" in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 & Supp. 2013) (regarding inmate litigation). According to this advisory, this original proceeding should be dismissed because relator failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. Specifically, relator did not include with his petition: (1) a certified copy of his inmate account, *see id.* § 14.004(c) (West 2002 & Supp. 2013), § 14.006 (West 2002); (2) an affidavit or declaration regarding other suits filed by relator, *see id.* § 14.004 (West 2002 & Supp. 2013); or (3) documentation pertaining to the underlying grievance process, *see id.* § 14.006 (West 2002).

Based on the petition, relator is an incarcerated individual subject to the provisions of chapter 14 of the Texas Civil Practice and Remedies Code. Effective January 1, 2012, chapter 14 of the civil practice and remedies code was amended to apply to an action, *including an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, or an appellate court in which an affidavit or unsworn declaration of inability to pay costs is also filed. *See* TEX. CIV. PRAC.

3

& REM. CODE ANN. § 14.002(a) (West Supp. 2013) (emphasis added). Thus, the requirements of chapter 14 now apply when inmates file appeals or original proceedings in the appellate courts just as when they file actions in the trial courts. *See id.; see also Hickman v. Tex. Dep't of Crim. Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.); *Douglas v. Turner*, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.—Waco May 9, 2013, no pet.). However, the provisions of chapter 14 do not apply to actions brought under the Texas Family Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (West Supp. 2013). Based on the petition, this original proceeding arises from an action brought under the family code for the modification of an order regarding child support, possession, and access. Accordingly, we do not apply the strictures of Chapter 14 to this original proceeding. *See id.*

### III. UNAUTHORIZED PRACTICE OF LAW

We now turn to the petition itself. The petition identifies David Flores as relator pro se and as "pro se counsel in charge." Flores signed the petition, the verification for the petition, and the certificate of service for the petition. However, the petition identifies Jim Herbert Hamilton Jr. as the "founder-author of petition" and "legal assistant and counsel for appellant/relator." Hamilton included a typewritten "signature" for the certification for the petition, which states that "I certify that I have reviewed this Petition and have confirmed with David Flores who has concluded that every factual statement made in this petition is supported by competent evidence included in the appendix or the record." Based upon the face of the petition, Hamilton is not a member of the state bar or

4

a licensed attorney. *See, e.g.*, TEX. R. CIV. P. 57 (requiring an attorney to sign pleadings with the attorney's State Bar of Texas identification number). In fact, Hamilton has appeared as a litigant in this Court. *See Hamilton v. Livingston*, No. 13-12-00707-CV, 2013 WL 4769450, at *4 (Tex. App.—Corpus Christi Sept. 5, 2013, no pet.) (mem. op.) (affirming the dismissal of Hamilton's lawsuit against prison officials for premises liability and intentional denial of administrative remedies under chapter 14 of the civil practice and remedies code).

To practice law in Texas state courts, an individual must be a member of the State Bar of Texas and licensed by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 81.101 (West 2013); *Id.* § 81.102 (West 2013); TEX. PEN. CODE ANN. § 38.123 (West 2011); *see Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Crain v. The Unauthorized Practice of Law Comm. of the Sup.Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). A person practices law by, among other things, preparing pleadings incident to a lawsuit and managing a claim on a client's behalf. *See* TEX. GOV'T CODE ANN. § 81.101(a); *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.); *Jimison by Parker v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ). A prison inmate, who is not a member of the State Bar, may not practice law or otherwise represent another inmate. *See Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied); *see also Morris v. Flores*, No. 13-11-00675-CV, 2012 WL 3043097, at *3 (Tex. App—Corpus Christi July 26, 2012, pet. denied) (mem. op.).

5

Hamilton is not an attorney and he is not legally permitted to represent or otherwise file pleadings on another inmate's behalf.   *See Paselk*, 293 S.W.3d at 606.   Accordingly, Hamilton could not serve as "founder-author" of the petition and "legal assistant and counsel" for relator.   Because the petition was not prepared by relator proceeding pro se or a duly licensed attorney, but was instead prepared by a fellow inmate, we consider the petition a nullity.

## IV. BURDEN FOR ORIGINAL PROCEEDINGS

Finally, we note that even if we were to address the merits of this original proceeding on grounds that relator participated in its preparation as "pro se counsel in charge," we would conclude that the petition lacks merit.   It is the relator's burden to properly request and show entitlement to relief in an original proceeding.   *See In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding)*; see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden is a heavy one.   *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).   In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3.   The relator must also file an appendix and record sufficient to support the

6

claim for relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837. The petition before the Court fails to meet these requirements for relief.

## V. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus, prohibition, or injunction, and the applicable law, is of the opinion that the petition is a legal nullity and should be struck. Accordingly, we STRIKE the petition for writ of mandamus, prohibition, or injunction.

PER CURIAM

Delivered and filed the
13th day of November, 2013.