

## NUMBER13-13-00690-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE DAVID FLORES

---

## On Petition for Writ of Mandamus, Prohibition, or Injunction.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

By amended petition for writ of mandamus, prohibition, or injunction, David Flores, proceeding pro se, seeks relief against Ruby Garcia, the District Clerk of Refugio County, because she failed to file an original proceeding, and against Associate Judge John George of the 24th District Court of Refugio County, because he refused to consider, hear, or rule on the original proceeding. Relator alleges that he has prepared a petition for writ of mandamus contending that employees of the Texas Department of Criminal

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Justice have denied him access to an "audio CD transcript" of trial court proceedings relevant to relator's pending appeal.[2] We deny the amended petition for writ of mandamus, prohibition, or injunction.

## I. MOTION FOR LEAVE

By motion filed in conjunction with the amended petition for writ of mandamus, prohibition, or injunction, relator has requested leave to rebrief and file an amended petition. This Court previously struck the original petition for writ of mandamus filed by relator. *See In re Flores*, No. 13-13-542-CV, 2013 WL 2013 WL 6056723, at *1 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding) (per curiam mem. op.). We grant leave to file the amended petition for writ of mandamus, prohibition, or injunction.

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN § 22.221(a).

---

[2] This original proceeding arises from trial court cause number 2012-12-11617 in the 24th District Court in Nueces County, Texas. Relator currently has an appeal pending in this Court in appellate cause number 13-13-00337-CV arising from the same trial court cause number. As stated in this amended original proceeding, relator seeks access to the "audio CD transcript" for purposes of preparing his brief in the appeal. As of this date, relator has not filed a motion in the appeal seeking access to the trial court records.

This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *Id.* § 22.221(b).

Relator's petition seeks relief against the district clerk and the trial court. We do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). However, given that relator seeks to gain access to the audio recording transcript "for the purpose of preparing [his] appellate brief" in the pending appeal, we conclude that we have jurisdiction over this original proceeding.

### III. BURDEN FOR ORIGINAL PROCEEDINGS

It is the relator's burden to properly request and show entitlement to relief in an original proceeding. *See In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding)*; see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). In addition to other requirements,

the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must file an appendix and record sufficient to support the claim for relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). The petition before the Court fails to meet these requirements for relief.

### III. CONCLUSION

The Court, having examined and fully considered the amended petition for writ of mandamus, prohibition, or injunction, and the applicable law, is of the opinion that relator has failed to meet his burden to obtain relief. Accordingly, we deny the amended petition for writ of mandamus, prohibition, or injunction.

PER CURIAM

Delivered and filed this the
13th day of December, 2013.

4