

NUMBERS 13-14-00250-CR, 13-14-00251-CR,
13-14-00252-CR, 13-14-00253-CR, & 13-14-00254-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE MARKUS ANTONIUS GREEN

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam[1]

Relator, Markus Antonius Green, proceeding pro se, filed a petition for writ of

mandamus in the above causes on May 6, 2014.[2]  Relator seeks relief pertaining to trial

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has had other appeals and original proceedings in this Court.  *See, e.g., Green v. State*, Nos. 13-14-00169-CR & 13-14-00170-CR, 2014 WL 1514167 (Tex. App.—Corpus Christi Apr. 17, 2014, no pet.) (per curiam) (mem. op., not designated for publication); *In re Green*, No. 13-14-000208-CR, 2014 WL 1457819 (Tex. App.—Corpus Christi Apr. 9, 2014, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Green v. State*, No. 13-13-00649-CR, 2014 WL 346025 (Tex. App.—Corpus Christi Jan. 30, 2014, no pet.) (per curiam) (mem. op., not designated for publication).  Relator also has three additional pending appeals, each styled *Markus Antonius Green v. State*, in our cause numbers 13-13-00544-CR, 13-13-00545-CR, and 13-13-00546-CR.

court cause numbers 89-9-7901, 90-1-7450, 90-1-7951, 90-1-7952, and 90-1-7953 in the 24th District Court of DeWitt County, docketed in our cause numbers 13-14-00250-CR through 13-14-00254-CR, respectively. Through these original proceedings, relator seeks: (1) to compel the judge of the trial court, the Honorable Stephen Kemper Williams, to issue a ruling on relator's motion for discovery, (2) to compel the District Attorney, the Honorable Michael Sheppard, to produce various documents and transcripts, and (3) to compel Warden Charles McDuffie to provide relator with the "confiscation papers" for relator's eyeglasses or to return the eyeglasses to relator.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young*, 236 S.W.3d at 210.

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the

2

contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6 (West, Westlaw through 2013 3d C.S.). This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2013 3d C.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

As stated previously, relator seeks mandamus relief against the judge of the trial court, the district attorney, and the warden of relator's correctional institution. Based on the record before the court, relator has not established that he is entitled to extraordinary relief regarding his claims against the judge of the trial court. *See In re State ex rel. Weeks*, 391 S.W.3d at 122; *see also* TEX. R. APP. P. 52. Moreover, we do not have

3

original jurisdiction against a district attorney or warden unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose.  *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *see also In re Linder*, No. 13-12-00391-CV, 2012 WL 2928263, at *1 (Tex. App.—Corpus Christi June 20, 2012, orig. proceeding) (per curiam) (mem. op.).

The Court, having examined and fully considered relator's petition for writ of mandamus in these causes, is of the opinion that relator has not met his burden to obtain mandamus relief.  Accordingly, the petition for writ of mandamus is denied in each of these causes.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of May, 2014.