

# NUMBER 13-15-00444-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE MELVIN CARTER

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Longoria**
**Memorandum Opinion Per Curiam[1]**

On September 24, 2015, Melvin Carter, proceeding pro se, filed a petition for writ of mandamus seeking to compel the Board of Pardons and Paroles for the State of Texas to provide relator with a written statement specifying the reasons for denying relator's release on parole. *See* TEX. GOV'T CODE ANN. § 508.1411 (West, Westlaw through 2015 R.S.); *see also Ex parte Phillips*, No. WR-82,437-01, 2014 WL 7189084, at *1 (Tex. Crim. App. Dec. 17, 2014) (per curiam order, not designated for publication) (requesting briefing

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

on whether Board of Pardons and Paroles' written notice of its decision not to release an applicant violates due process). We dismiss the petition for writ of mandamus for lack of jurisdiction.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).[2] If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the

---

[2] Relator contends that this "is not a criminal law matter, therefore this court has original jurisdiction of this action and has authority to issue a writ of mandamus." However, criminal law matters encompass, "at a minimum," all legal issues arising directly out of a criminal prosecution. *Lanford v. Fourteenth Ct. of Apps.*, 847 S.W.2d 581, 585 n. 3 (Tex. Crim. App. 1993); *see Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011); *Smith v. Flack*, 728 S.W.2d 784, 788 (Tex. Crim. App. 1987). Further, disputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters. *Armstrong*, 340 S.W.3d at 765; *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993). An issue may comprise a criminal law matter even if elements of civil law must be addressed to resolve the issue. *See Armstrong*, 340 S.W.3d at 765; *State ex rel. Holmes v. Honorable Ct. of Apps. for Third Dist.*, 885 S.W.2d 389 (Tex. Crim. App. 1994).

contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

In this regard, relator has failed to provide this Court with a record or appendix supporting his request for mandamus relief. Moreover, the petition for writ of mandamus itself fails to specify the crime for which relator was convicted, the court in which he was convicted, or the identity of the real party in interest herein.

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2015 R.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. TEX. GOV'T CODE ANN. § 22.221.

Relator's petition seeks mandamus relief against the Board of Pardons and Paroles for the State of Texas. However, this Court does not have jurisdiction to issue a

writ against the Board of Pardons and Paroles.  *See id.*; *see also In re Fowler*, No. 14-15-00712-CR, 2015 WL 5092623, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (per curiam mem. op., not designated for publication).  Further, relator has not shown that issuance of a writ compelling the requested relief is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not established this Court's jurisdiction over the relief sought.  Accordingly, the petition for writ of mandamus is DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of September, 2015.

4