

# NUMBER 13-15-00610-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ALEJANDRO EMILIANO SOLIS

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria**
**Memorandum Opinion Per Curiam[1]**

On December 28, 2015, Alejandro Emiliano Solis, proceeding pro se, filed a petition for writ of mandamus seeking relief against the Honorable Juergen "Skipper" Koetter, Judge of the 267th District Court of DeWitt County, Texas, and Tabeth Gardner, the District Clerk of DeWitt County. Through this original proceeding, relator seeks to compel the trial court to rule on his "Motion in Arrest of Judgment," filed on November 12,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

2015, and appears to request that we compel the District Clerk to notify him of any such ruling.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6 (West, Westlaw through 2015 R.S.). As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2015 R.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of

2

appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

Relator's petition seeks mandamus relief in part against a district clerk. However, we do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not established his right to relief against the trial court judge and that we lack jurisdiction over relator's claims against the district clerk. Accordingly, we DENY relator's petition for writ of mandamus, in part, insofar as relator seeks relief against the judge of the trial court. We DISMISS relator's petition for writ of mandamus, in part, for want of jurisdiction, insofar as relator seeks relief against the district clerk.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of December, 2015.