

**NUMBER 13-18-00629-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE JUAN M. ALBARADO**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Hinojosa[1]**

Relator Juan M. Albarado, proceeding pro se, filed a petition for writ of mandamus in the above cause seeking to compel the District Clerk of Cameron County to file a civil case. [2] Relator asserts that he filed the "Isabel Estate" documents with the District Clerk

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] In addition to the petition for writ of mandamus, relator also filed a "Motion for Leave" and a "Motion to Proceed In Forma Pauperis." Relator's motion for leave to file his petition for writ of mandamus is dismissed as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt. The motion for leave to proceed in forma pauperis is likewise dismissed as moot.

in December of 2017; however, no action has been taken on this filing. We dismiss the petition for writ of mandamus for lack of jurisdiction.

## I. STANDARD OF REVIEW

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must

include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2017 1st C.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *Id*. § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id*. § 22.221(b).

Relator's petition seeks mandamus relief against the District Clerk of Cameron County. However, we do not have original jurisdiction against a district clerk unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested

3

relief is necessary for this purpose. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). We note that, in general, when a district clerk refuses to accept a pleading for filing, the party should attempt to file the pleading directly with the district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. *See In re Simmonds*, 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding); *In re Bernard*, 993 S.W.2d 453, 455 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring); *see also In re Rowe*, No. 05-16-00031-CV, 2016 WL 228840, at *1 (Tex. App.—Dallas Jan. 19, 2016, orig. proceeding) (mem. op.); *In re Amir-Sharif*, No. 13-15-00612-CV, 2015 WL 9611920, at *1 (Tex. App.—Corpus Christi Dec. 30, 2015, orig. proceeding) (mem. op.) (per curiam).

## III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not established this Court's jurisdiction over the relief sought. Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed the
15th day of November, 2018.

4