

# NUMBER 13-15-00598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ANTHONY ROBERSON

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion Per Curiam[1]

Relator, Anthony Roberson, proceeding pro se, has filed a petition for writ of mandamus seeking to compel Brad Livingston, the Executive Director of the Texas Department of Criminal Justice; Matt Barber, the Senior Warden of the William G. McConnell Unit; and Cory Furr, the Assistant Warden of the William G. McConnell Unit, to "comply with state laws, rules, regulations and procedures, contained within the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

classification procedural [manual], disciplinary procedural rules and administrative segregation plan." We dismiss the petition for writ of mandamus for lack of jurisdiction.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young*, 236 S.W.3d at 210.

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the

2

record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6 (West, Westlaw through 2015 R.S.). This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2015 R.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district." *See id.* § 22.221(b).

As stated previously, relator seeks mandamus relief against the executive director of the Texas Department of Criminal Justice, the senior warden of relator's correctional institution, and an assistant warden. We do not have mandamus jurisdiction against these individuals unless necessary to enforce our own jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See generally id.* § 22.221; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Raetzsch*, No. 03-12-00794-CV, 2012 WL 6554810, at *1

3

(Tex. App.—Austin Dec. 12, 2012, orig. proceeding) (mem. op.); *see also In re Linder*, No. 13-12-00391-CV, 2012 WL 2928263, at *1 (Tex. App.—Corpus Christi June 20, 2012, orig. proceeding) (per curiam) (mem. op.).

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not established this Court's jurisdiction over the relief sought. Accordingly, the petition for writ of mandamus is DISMISSED FOR LACK OF JURISDICTION. Relator also filed a motion for leave to file his petition for writ of mandamus. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See* TEX. R. APP. P. 52, *Notes and Comments* ("The requirement of a motion for leave in original proceedings is repealed."); *see also In re Jackson*, No. 07-15-00429-CV, 2015 WL 8781272, at *2 (Tex. App.— Amarillo Dec. 11, 2015, orig. proceeding). Accordingly, relator's motion for leave to file his petition for writ of mandamus is dismissed as moot.

PER CURIAM

Delivered and filed the
21st day of December, 2015.