

# NUMBERS 13-18-00682-CR & 13-18-00683-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RAYMOND DEBA

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Benavides
### Memorandum Opinion by Justice Benavides[1]

Relator Raymond Deba, proceeding pro se, filed a petition for writ of mandamus in the above causes on December 17, 2018 seeking to compel the court reporter for the 24th District Court of Goliad County, Texas to provide him with the cost for preparation of the trial transcripts in trial court cause numbers 08-08-4438-CR and 08-08-4437-CR or to make "a certified statement" that the complete transcripts are not available.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record" and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker,* 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

2

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2017 1st C.S.); *see also In re Cook,* 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *Id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district" or "an associate judge of a district or county court appointed by a judge" under the family code in the court of appeals' district for the judge who made the appointment. *See id.* § 22.221(b).

Relator's petition seeks mandamus relief against a court reporter. However, we do not have original jurisdiction against a court reporter unless necessary to enforce our jurisdiction, and relator has not demonstrated that the requested relief is necessary for this purpose. *See generally id.* § 22.221; *In re Strickhausen*, 994 S.W.2d 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) ("We have no authority to issue a writ of mandamus to a court reporter or the district clerk unless they are interfering with our appellate jurisdiction."); *see also In re Butler*, No. 10-17-00421-CR, 2018 WL 327256, at *1 (Tex. App.—Waco Jan. 3, 2018, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not established this Court's jurisdiction over the relief sought.   Accordingly, the petition for writ of mandamus in each of these cases is DISMISSED FOR WANT OF JURISDICTION.


GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of December, 2018.

4