# NO. 12-12-00217-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *KERRY MAX COOK,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *OPINION*

Relator Kerry Max Cook filed a petition for writ of mandamus in which he contends that an order transferring his case from the 241st Judicial District Court of Smith County to the 114th Judicial District Court is a void order. Consequently, he seeks a writ of mandamus to order Judge John Ovard,[1] Presiding Judge of the First Administrative Judicial Region, to appoint a different judge to hear this case and to prevent the Honorable Christi J. Kennedy, Judge of the 114th Judicial District Court, Smith County, Texas, from making rulings in this case. We dismiss the petition in part and deny it in part.

## BACKGROUND

Linda Jo Edwards was raped and murdered on or about June 9, 1977. A Smith County grand jury indicted Relator for her capital murder. He was tried for the offense, convicted, and sentenced to death. The Texas Court of Criminal Appeals affirmed his conviction on direct appeal. *See Cook v. State*, 741 S.W.2d 928, 931-33 (Tex. Crim. App. 1987). However, the United States Supreme Court granted certiorari and remanded the case for further consideration in light of a recent decision of the Court. *See Cook v. Texas*, 488 U.S. 807, 807, 109 S. Ct. 39, 39, 102 L. Ed. 2d 19 (1988). On remand, and after granting a motion for rehearing, the court of

---

[1] In his petition, Relator identified Judge Ovard as the sole respondent. But because Relator seeks to prevent Judge Kennedy from making rulings in his case, we will consider her a respondent as well.

criminal appeals reversed Relator's conviction because an expert witness had interviewed Relator without first advising him of his constitutional rights and testified about conclusions gained from that interview during the penalty phase of the trial. *See Cook v. State*, 821 S.W.2d 600, 602, 605 (Tex. Crim. App. 1991) (op. on reh'g).

Relator was retried in 1992, but the jury was unable to reach a verdict and a mistrial was declared. *See Cook v. State*, 940 S.W.2d 623, 624 (Tex. Crim. App. 1996). In 1994, another trial was held, and Relator was once again convicted of the murder and sentenced to death. *Id*. The court of criminal appeals reversed Appellant's conviction on the basis of prosecutorial misconduct. *Id*. at 626. Specifically, the court held that the State had failed to turn over exculpatory information as required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), misrepresented an agreement made with a cooperating witness, introduced "misleading testimony," and attempted to interview Relator without the presence of his attorney. *Id*. The majority of this misconduct had been remedied by the time of the trial. However, the testimony of one witness, Robert Hoehn, was apparently presented at the third trial. He had died prior to that trial, and the failure to turn over contradictory statements he had made to the police prior to his earlier testimony caused the court of criminal appeals to reverse Relator's conviction on due process grounds. *Id*. at 628.

Prior to a fourth trial, Relator agreed to plead no contest, without admitting his guilt, in exchange for an agreement that would allow him to avoid the death penalty and to be released from prison.

In October 2003, the governor appointed Jack Skeen, Jr., then Smith County District Attorney, to fill a vacancy on the 241st District Court. In October 2003, before now-Judge Skeen had been appointed or sworn in, Judge Ovard, Presiding Judge of the First Administrative Judicial Region, appointed Judge Cynthia Stevens Kent, then Judge of the 114th Judicial District Court, to the 241st District Court for twenty days beginning October 15, 2003. On October 29, after Mr. Skeen had been appointed to the bench, but before he had been sworn in, Judge Kent, in her capacity as Judge of the 241st District Court, transferred "all criminal cases on appeal or previously pending" in the 241st District Court to her own court, the 114th District Court. This was done, Judge Kent wrote in her order, because Mr. Skeen had been the district attorney for more than twenty years and had "informed [her] that he would not preside over any criminal case on appeal or previously pending." Relator's case was one of these cases.

2

In February 2012, Relator filed a motion for postconviction forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. It appears that Relator was unaware the Judge Kent had reassigned this case, and Relator filed the motion in the 241st District Court along with a motion to recuse Judge Skeen and "appoint a judge [from] outside Smith County."

In March 2012, Judge Kennedy,[2] Judge of the 114th District Court, treated the motion to recuse as having been filed in the 114th District Court, declined to recuse herself, and referred the issue of recusal to Judge Ovard as required by Texas Rule of Civil Procedure 18a(f). In April 2012, Relator filed an objection to the 2003 order transferring the case from the 241st District Court to the 114th District Court. In the motion objecting to the transfer, Relator asserted that Judge Ovard should "disregard" the 2003 transfer order and appoint a "judge outside Smith County, Texas." Following a hearing, Judge Ovard indicated that he would grant a motion to test certain pieces of evidence[3] and would deny Relator's objection to the transfer and the motion to recuse. Thereafter, Relator filed a motion to reconsider the ruling on the recusal motion and two supplements to that motion along with a supplemental memorandum of law. Judge Ovard denied those motions in May 2012.

In June 2012, Relator filed a petition for writ of mandamus with this court. In his petition, Relator argues that the 2003 transfer order was void *ab initio* and so the 114th District Court lacked jurisdiction to act. The State responded as the real party in interest and asked that relief be denied. In August 2012, the State filed to dismiss Relator's petition. In its motion to dismiss, the State argued that Relator's claim had been rendered moot by an August 6, 2012 order signed by Judge Ovard appointing Judge Kennedy to be the judge in Relator's case.

### JURISDICTION

Relator argues that the 2003 transfer order is void and that the effect of Judge Ovard's failure to appoint a different judge is that a judge who lacks jurisdiction is preparing to make rulings in this case. Specifically, Relator asserts that Judge Ovard abused his discretion in overruling his objections to Judge Kennedy presiding over this case. Consequently, he requests a

---

[2] Judge Kennedy succeeded Judge Kent as Judge of the 114th District Court.

[3] Judge Ovard ordered testing of specific evidence maintained at two laboratories. Apparently, there is other evidence that may or may not meet the legal standard for testing. Relator has not litigated that issue because he contends that Judge Kennedy lacks jurisdiction of this case.

3

writ of mandamus directing Judge Ovard to vacate the June 13, 2012 order denying his objection to the order of transfer. The State, as the real party in interest, argues that the 2003 transfer order is not void and that Judge Ovard's August 2012 order appointing Judge Kennedy makes Relator's claim moot.

By statute, this court's mandamus authority is limited to writs necessary to enforce the jurisdiction of this court and writs against a judge of a district or county court in our district, or against a judge of a district court acting as a magistrate at a court of inquiry in our district. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Therefore, we lack mandamus jurisdiction against a regional presiding judge. *See In re Moore*, No. 12-08-00025-CV, 2008 Tex. App. LEXIS 448, at *3–4 (Tex. App.–Tyler Jan. 23, 2008, orig. proceeding) (mem. op., not designated for publication); *In re Lopez*, 286 S.W.3d 408, 410 (Tex. App.–Corpus Christi 2008, orig. proceeding) (citing *In re Torres*, 130 S.W.3d 409, 413 (Tex. App.–Corpus Christi 2004, orig. proceeding)); *In re Hettler*, 110 S.W.3d 152, 155 (Tex. App.–Amarillo 2003, orig. proceeding). Accordingly, we do not address the merits of Relator's complaint against Judge Ovard.

However, we do maintain jurisdiction to issue writs as to the 114th District Court, a district court within our appellate district. *See* TEX. GOV'T CODE ANN. § 22.221(b)(1). A writ of mandamus is used to compel a court to do something, while a writ of prohibition is used to prevent a court from doing something. Relator specifically asks us to direct the regional judge to do something, but what he actually seeks is to prevent the 114th District Court judge from acting on the pending motion for forensic testing because, he asserts, the judge lacks jurisdiction of this matter. Because we do have jurisdiction over the 114th District Court judge, we will evaluate Relator's request for relief but will construe his petition as a request for a writ of prohibition directing Judge Kennedy not to take any action in his case.

### AVAILABILITY OF RELIEF

The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act. *See In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.–Tyler 2006, orig. proceeding). A writ of prohibition is similar, though different in important respects. Although most often used by a court of appeals to protect its jurisdiction while a case is on appeal, the writ of prohibition has

4

three functions. Specifically, the writ can be used (1) to prevent interference by an inferior court while an appeal is pending, (2) to prevent an inferior court from entertaining a suit that would relitigate controversies which have already been settled, and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *See* **Staples v. State**, 244 S.W. 1064, 1065 (Tex. Civ. App.–Dallas 1922, no writ); **Tex. Capital Bank-Westwood v. Johnson**, 864 S.W.2d 186, 187 (Tex. App.–Texarkana 1993, orig. proceeding).

Relator seeks to prohibit Judge Kennedy from acting in this case because, he asserts, she has no authority to do so. There are two orders that could give Judge Kennedy the authority to preside over this case. First, Judge Kent transferred this case to the 114th District Court in 2003. Second, after the most recent litigation began, Judge Ovard appointed Judge Kennedy to preside over this case. Relator questions whether Judge Kent had the authority to transfer his case in 2003 and whether Judge Ovard had the authority to assign this case to Judge Kennedy in August 2012. The answers to both questions are established by Texas law.

Judge Ovard is authorized, by Section 74.056(a), Texas Government Code, to "from time to time [] assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business." Judge Ovard assigned Judge Kent to the 241st District Court in 2003—an assignment Relator does not contest and that his counsel stated, at oral argument, was lawful—and he assigned Judge Kennedy to Relator's case in August 2012. The 2003 order assigning Judge Kent recites that the assignment is pursuant to "Article 74.056, Texas Government Code." The 2012 order assigning Judge Kennedy states that the assignment is pursuant to Chapter 74, Texas Government Code.

Relator argues that Judge Ovard lacked jurisdiction to enter the August 2012 order because he had overruled Relator's request for just such an order in May 2012 and there was no motion pending before him. He also argues that the order does not make his petition moot because the question of whether the 2003 transfer order was void would still remain and because the August 2012 order itself is unclear on what is transferred.

Section 74.056(a) gives a presiding judge the authority to assign judges to hold special or regular terms of court to "try cases" and to "dispose of accumulated business." Section 74.056 does not require that a motion be pending before the presiding judge at the time he makes such an assignment. Relator asserts in his brief that Judge Ovard's role and responsibilities in the case

5

had ceased when he denied to motion to transfer. Relator cites Texas Rule of Civil Procedure 18a and, generally, Chapter 74 of the Texas Government Code as authority for this principle. He argues that this is analogous to a situation where a trial court is "without jurisdiction to render a judgment or an order because there is no live pleading pending urging a cause of action from which a judgment or order could be taken." As support for this contention, Relator cites *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812-13 (Tex. 1983) and *Couch Mortgage Co. v. Roberts*, 544 S.W.2d 944, 947 (Tex. Civ. App.–Houston [1st. Dist.] 1976, writ dism'd). These cases stand for the basic proposition that a trial court cannot render judgment against an entity not brought into litigation as a party, *Cunningham*, 660 S.W.2d at 813, and, generally, that a judgment that is not based on a pleading is void, *Couch Mortgage Co.*, 544 S.W.2d at 947.

This situation is different. Judge Ovard did, essentially, what Relator asked him to do. In his objection to transfer and motion to recuse,[4] Relator asked Judge Ovard to treat the 2003 transfer as if it never happened. If that were the case, Judge Skeen would be the judge presiding over this matter, a circumstance both parties agree would be inappropriate given the fact that he was the district attorney during part of the time Relator was facing these charges. Accordingly, it would be necessary for a different judge to be assigned, and Relator asked Judge Ovard to assign a different judge to hear the case. Judge Ovard's August 2012 order can be understood to be that assignment. Judge Ovard had previously overruled the relief sought by Relator. However, if, in the interests of justice, or simply as a prudential matter, Judge Ovard reconsidered and decided to grant Relator's motion, at least so far as to assign a judge other than Judge Skeen, we do not understand Chapter 74 or Rule 18a to forbid that action.

Finally, Relator argues that the order cannot be the relief he sought because it simply assigns Judge Kennedy, as active judge of the 114th District Court, to the 114th District Court. Furthermore, he argues that this order does not resolve the question of whether the 2003 transfer was valid. Relator is correct that the order merely assigns Judge Kennedy to the court in which she already serves. However, the order also states that the "Condition(s) of Assignment" are "Cause No. 1-77-179; The State of Texas v. Kerry Max Cook." It is not difficult to parse what it is that Judge Ovard intended by his order. He appointed Judge Kennedy to this case without limitation. This may have been on his own motion, or it may have been a belated and partial

---

[4] Orders on motions to recuse are not reviewable by way of writ of mandamus. *See* TEX. R. CIV. P. 18(a)(j)(1).

6

granting of the relief sought by Relator. Either way, the order serves to assign the case to Judge Kennedy from this point forward. We hold, however, that the issues presented herein are not rendered moot by the August 2012 order because it does not resolve whether the 2003 transfer order was valid, a question that may be relevant should there be additional litigation.

On the merits of Relator's complaint, we hold that this case was properly and lawfully transferred in 2003 by Judge Kent to what is now Judge Kennedy's court. Judge Ovard had the authority to assign Judge Kent to this case in 2003. *See* TEX. GOV'T CODE ANN. § 74.056(a) (West 2005). Acting as the judge of the 241st District Court, Judge Kent had the authority to transfer a case from that district court's docket to the docket of another. *See* TEX. CONST. art. V, § 11 ("[D]istrict Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law"); TEX. GOV'T CODE ANN. § 24.003(b)(1) (West Supp. 2012);[5] ***Republic Royalty Co. v. Evins***, 931 S.W.2d 338, 341-42 (Tex. App.–Corpus Christi 1996, orig. proceeding) ("The Texas Constitution and the Texas Government Code authorize district courts within the same county to transfer cases, exchange benches, and to provide local rules for the administration of such transfers and exchanges."). Relator argues that the 2003 transfer order contains both a voluntary order of recusal/disqualification by Judge Skeen and a subsequent transfer of the case. He asserts that the "voluntary order of recusal/disqualification" was an order entered "by Judge Skeen but that was signed by Judge Kent," and that Judge Skeen could do nothing more on this case after he had removed himself from it. We disagree with Relator's characterization of the order.

There is no provision in the law for recusal or disqualification before a person becomes a judge. It is a judge who recuses or disqualifies himself. For example, Rule 18b(a), Texas Rules of Civil Procedure, provides that "[a] judge" must disqualify in certain situations. Rule 18b(b) provides that "[a] judge" must recuse in certain circumstances. Judge Skeen was not a judge when Judge Kent entered the order transferring the cases. He did not, according to the order, tell or ask Judge Kent to transfer any cases. Instead, he merely told her what must have been self-evident–that he would not be presiding over cases that he had prosecuted. Judge Kent

---

[5] The statute in effect at the time was Texas Government Code, Section 24.303(a). That section was repealed and recodified in 2012, but the authority of district court judges to transfer cases was, for purposes of the question presented here, not affected by the 2012 legislation. *See* Act of June 28, 2011, 82nd Leg., 1st C.S., ch. 3, § 3.13, 2011 Tex. Sess. Law Serv. 116, 121 (West).

transferred this case, and others, before Judge Skeen took the bench. Judge Skeen did not recuse or disqualify himself from this case, and he never made any rulings in this case.

Relator argues that allowing such a transfer defeats the purpose of Rules 18a and 18b. Specifically, he directs us to *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 178 (Tex. App.–Corpus Christi 1999, orig. proceeding). In that case, a Rule 18a motion to recuse was pending, and another judge unilaterally transferred the case from the court in which the motion was pending to his own court. *Id*. at 172. The court of appeals held that, while no rule prohibited it, the transfer was inappropriate in light of the pending Rule 18a motion and granted mandamus relief. *Id*. at 180.

The present case is distinguishable on the facts from the *Rio Grande Valley* case. First, as discussed earlier, there was no motion pending to recuse Judge Skeen when the transfer was made, and Judge Skeen was not yet the judge in this or any of the other transferred cases. Second, in the *Rio Grande Valley* case, the district court judge apparently understood the problem with the procedure to be that the local rules[6] were inadequate to transfer the cases. Accordingly, following the appellate court decision, the cases were transferred back to the original court, the local rules were updated, and the same judge then transferred the same cases (less one) from the conflicted court to his own court. This time, however, when the litigants sought to resist that transfer, the court of appeals denied relief, *In re PG&E Reata Energy, L.P.*, 4 S.W.3d 897, 901 (Tex. App.–Corpus Christi 1999, orig. proceeding), as did the Texas Supreme Court. *See In re Rio Grande Valley Gas Co.*, 8 S.W.3d 303, 303 (Tex. 1999). The central holding, both in the first court of appeals mandamus opinion and in Justice Hecht's dissent, is that a judge, when a motion is filed, must either grant the motion or forward it to the regional presiding judge. *See* TEX. R. CIV. P. 18a(f); *In re Rio Grande Valley Gas Co.*, 8 S.W.3d at 306–07 (Hecht, J., dissenting); *In re PG&E Reata Energy, L.P.*, 987 S.W.2d at 178. Under that formulation, the determination of which court should hear the matter, from the point of the filing of the motion to recuse forward, rests with the regional presiding judge. *See In re Rio Grande Valley Gas Co.*, 8 S.W.3d at 309 (Hecht, J., dissenting); *In re PG&E Reata Energy, L.P.*, 987 S.W.2d at 180.

---

[6] Smith County has local rules, but they do not address criminal cases and do not address transfer of cases between district courts. *See* Smith County (Tex.) Dist. Ct. Loc. R. Preface ("The following local rules of civil trial are adopted for use in non-family law civil trials in the 7th Judicial District Court, 114th Judicial District Court, 241st Judicial District Court, 321st Judicial District Court, County Court at Law, County Court at Law No. 2, County Court at Law No. 3 and the County Court of Smith County, Texas.")

That formulation did not prevail, and the procedural posture is different in this case because no motion had been filed at the time the transfer was made. Therefore, there was no question, as there was in the *Rio Grande Valley* case and its progeny, as to whether a motion to recuse should stay the proceedings until the Rule 18a procedure could be followed. Judge Kent, sitting as the judge of the 241st District Court, had the statutory authority to transfer cases, and she transferred a number of cases, including this one. Her transfer order is not void and served to transfer Relator's case to the 114th District Court.

## CONCLUSION

We conclude that the issues Relator raises in his petition are not moot. Therefore, we *overrule* the State's motion to dismiss the petition as moot. This court lacks jurisdiction to consider Relator's complaint against Judge Ovard. Accordingly, we *dismiss* Relator's petition as to Judge Ovard. Both Judge Ovard's August 2012 transfer order and Judge Kent's 2003 transfer order were a valid exercise of their respective authority and, independently, caused this case to be transferred to the 114th District Court. Accordingly, Judge Kennedy's jurisdiction of this case does not rest on a void order, and Relator has not shown that he is entitled to relief. We *deny* Relator's petition as to Judge Kennedy.

**SAM GRIFFITH**
Justice

Opinion delivered December 20, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2012**

**NO. 12-12-00217-CR**

**KERRY MAX COOK,**
Relator
v.
**HON. CHRISTI J. KENNEDY**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **KERRY MAX COOK**, who is the relator in Cause No. 1-77-179, pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 19, 2012, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the portion of Relator's petition pertaining to Judge Ovard is **DISMISSED** and the portion relating to Judge Kennedy is hereby **DENIED**. The State's motion to dismiss Relator's petition for writ of mandamus as moot is **OVERRULED.**

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*