

## NUMBER 13-15-00593-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

### IN RE TRACEY W. MURPHY

---

### On Petition for Writ of Mandamus and
### Petition for Writ of Injunction.

---

## MEMORANDUM OPINION

### Before Justices Garza, Perkes, and Longoria
### Per Curiam Memorandum Opinion[1]

On December 14, 2015, relator Tracey W. Murphy, proceeding pro se, filed a petition for writ of mandamus and petition for writ of injunction contending that prison officials confiscated legal papers pertaining to relator's previous appeals and his current appeal, now pending in this Court in our cause number 13-15-00324-CV: *Tracey W.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Murphy v. Christopher Pauley, et al.*, arising from trial court cause number B-14-1508-CV-C in the 343rd District Court of Bee County, Texas. Relator contended that he was being denied access to courts and could not file his brief in the pending appeal.

This Court requested that Christopher Pauley, the Office of the Attorney General ("OAG"), and Jeffrey Catoe, Senior Warden of the George Beto Unit at the Texas Department of Criminal Justice, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. On December 22, 2015, the OAG, acting on behalf of the respondents in this cause, filed a response to relator's petition.

Through its response, the OAG contended that relator's "5 bundles of miscellaneous paperwork" was appropriately confiscated and handled pursuant to the administrative directives of the Texas Department of Criminal Justice that pertain to the personal property that an offender is allowed to store and possess. The OAG, however, recognized that the "5 bundles of miscellaneous paperwork" "may or may not have contained legal material," which is handled under separate administrative directives. Accordingly, the OAG, in "an abundance of caution" sent relator copies of the entire clerk's record and reporter's record for his pending appeal by express overnight mail.

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6 (West, Westlaw through 2015 R.S.). This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221

2

(West, Westlaw through 2015 R.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *See id.* § 22.221(a). We have original jurisdiction as necessary to protect our jurisdiction over a pending appeal. *See generally id.* § 22.221; *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *see also In re Linder*, No. 13-12-00391-CV, 2012 WL 2928263, at *1 (Tex. App.—Corpus Christi June 20, 2012, orig. proceeding) (per curiam) (mem. op.).

In this original proceeding, relator sought access to the materials necessary to draft his brief for his pending appeal and thus invoked our jurisdiction to grant extraordinary relief. However the OAG has provided relator with the necessary materials. Accordingly, to the extent that relator sought relief regarding the papers necessary for his appeal, we conclude that this original proceeding is moot and should be dismissed. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . ."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). To the extent that relator sought any other relief, including compensation for "irreparable injuries," we lack jurisdiction over the requested relief. Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and injunction and the response thereto, is

of the opinion that this matter should be DISMISSED. *See* TEX. R. APP. P. 52.8(a). Any

and all other relief requested is also DISMISSED.

PER CURIAM

Delivered and filed the
30th day of December, 2015.