# NO. 12-19-00390-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL A. KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Michael A. Kennedy, acting pro se, filed a writ of prohibition to complain of Denita Perry, T. Stern, Courtney Rice, and E. Julye, all employees of the Texas Department of Criminal Justice, on grounds that they committed acts of sexual misconduct and took his property. He further asks this Court to order the Honorable Pam Foster Fletcher, Judge of the 349th District Court in Anderson County, Texas to prohibit the complained of conduct.

Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2018). A court of appeals may issue writs against: (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge; or (4) a situation in which a writ is necessary to protect the court's jurisdiction. *Id.* § 22.221(b).

Perry, Stern, Rice, and Julye do not qualify as judges under Section 22.221(b); thus, we lack jurisdiction to issue a writ against them unless the writ is necessary to enforce our jurisdiction. *See In re Bledsoe*, 532 S.W.3d 826, 827 (Tex. App.—Texarkana 2017, orig. proceeding) (mandamus jurisdiction did not extend to other parties outside of Section 22.221(b), such as prison

warden); *see also **In re Roberson***, No. 13-15-00598-CV, 2015 WL 9285850, at *2 (Tex. App.—Corpus Christi Dec. 21, 2015, orig. proceeding) (mem. op.) (dismissing mandamus proceeding for lack of jurisdiction over executive director of Texas Department of Criminal Justice, and assistant and senior wardens). Relator does not have an appeal pending in this Court and he has not explained how the issuance of a writ against Perry, Stern, Rice, and Julye is otherwise necessary to enforce this Court's jurisdiction. Thus, we have no jurisdiction to grant the requested relief with respect to Perry, Stern, Rice, and Julye.

Moreover, a writ of prohibition "operates like an injunction issued by a superior court to control, limit or prevent action in a court of inferior jurisdiction." ***Holloway v. Fifth Court of Appeals***, 767 S.W.2d 680, 682 (Tex. 1989). The writ is typically used to "protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments." *Id.* at 683. The writ has three functions: "(1) to prevent interference by an inferior court while an appeal is pending, (2) to prevent an inferior court from entertaining a suit that would relitigate controversies which have already been settled, and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction." ***In re Cook***, 394 S.W.3d 668, 672 (Tex. App.—Tyler 2012, orig. proceeding).

In this case, a writ of prohibition is not necessary to protect this Court's jurisdiction. Nor does the record contain any evidence affirmatively demonstrating Judge Fletcher's lack of jurisdiction. Because there is no basis for the issuance of a writ of prohibition, we ***deny*** the writ. *See **Holloway***, 767 S.W.2d at 682–83; *see also **Cook***, 394 S.W.3d at 672.

Opinion delivered December 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 4, 2019**

**NO. 12-19-00390-CV**

**IN RE: MICHAEL A. KENNEDY,**
Relator
V.

**HON. PAM FOSTER FLETCHER, DENITA PERRY,
T. STERN, COURTNEY RICE, AND E. JULYE**
Respondents

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael A. Kennedy; who is the relator in appellate cause number 12-19-00390-CV and a party in trial court cause number DCCV17-723-3, pending on the docket of the 349th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on November 25, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*