# NO. 12-20-00258-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL A. KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Michael A. Kennedy, acting pro se, filed a writ of prohibition to ask this Court to order that the Honorable Michael Davis, Judge of the 369th District Court in Anderson County, Texas be prohibited from selling land until notice and an opportunity to be heard are given. He appears to complain that Judge Davis denied his right to attend a hearing and his rights to notice before entering a judgment for the sale of his property. Attached to his writ is a notice of tax sale, dated November 6, 2020, setting the sale date for December 1.

Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2018). A writ of prohibition "operates like an injunction issued by a superior court to control, limit or prevent action in a court of inferior jurisdiction." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989). The writ is typically used to "protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments." *Id.* at 683. The writ has three functions: "(1) to prevent interference by an inferior court while an appeal is pending, (2) to prevent an inferior court from entertaining a suit that would relitigate controversies which have already been settled, and (3) to prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction." *In re Cook*, 394 S.W.3d 668, 672 (Tex. App.—Tyler 2012, orig. proceeding).

In this case, a writ of prohibition is not necessary to protect this Court's jurisdiction. Nor does the record contain any evidence affirmatively demonstrating Judge Davis's lack of jurisdiction or that the underlying tax suit is in any way a relitigation of settled controversies. Because there is no basis for the issuance of a writ of prohibition, we ***deny*** the writ. *See Holloway*, 767 S.W.2d at 682–83; *see also **Cook***, 394 S.W.3d at 672. All pending motions are ***overruled as moot***.

Opinion delivered December 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2020**

**NO. 12-20-00258-CV**

**MICHAEL A. KENNEDY,**
Relator
V.

**HON. MICHAEL DAVIS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of prohibition filed by Michael A. Kennedy; who is the relator in appellate cause number 12-20-00258-CV and an interested party in trial court cause number DCCV18-592-369, pending on the docket of the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of prohibition having been filed herein on November 18, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of prohibition be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*