

# NUMBER 13-22-00184-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JASON OMAR MORENO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa[1]

Relator Jason Omar Moreno has filed a pro se petition for writ of mandamus seeking to compel the Hidalgo County District Attorney to disclose discovery pursuant to the Michael Morton Act. *See* TEX. CODE CRIM. PRO. ANN. art. 39.14 (governing discovery in criminal cases).[2] Relator also filed a motion for leave to file this original proceeding.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has a pro se appeal currently pending in this Court in our cause number 13-21-00409-CR, *Moreno v State*, and several closed cases. *See In re Moreno*, No. 13-22-00135-CR, 2022 WL 1025145, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 6, 2022, orig. proceeding) (mem. op., not designated for

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix

---

publication); *Moreno v. State*, No. 13-21-00391-CR, 2022 WL 322561, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 3, 2022, no pet. h.) (mem. op., not designated for publication); *In re Moreno*, No. 13-21-00226-CR, 2021 WL 3269362, at *1 (Tex. App.—Corpus Christi–Edinburg July 30, 2021, orig. proceeding) (mem. op., not designated for publication); *Moreno v. Thompson*, No. 13-16-00063-CV, 2016 WL 3068241, at *1 (Tex. App.—Corpus Christi–Edinburg May 26, 2016, no pet.) (per curiam) (mem. op.); *In re Moreno*, No. 13-16-00262-CR, 2016 WL 2967990, at *1 (Tex. App.—Corpus Christi–Edinburg May 13, 2016, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.—Corpus Christi–Edinburg 1999, pet. ref'd).

and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). This Court's original jurisdiction is governed by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against certain judges within our district and "mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a); *see id*. § 22.221(b). This Court does not have jurisdiction to issue a writ of mandamus against a district attorney unless it is necessary to enforce our jurisdiction. *See In re Smith*, 263 S.W.3d 93, 95–96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. First, the petition for writ of mandamus fails to meet the requirements of the appellate rules. *See generally* TEX. R. APP. P. 52.7(a), 52.3. Second, relator has not shown that the issuance of a writ of mandamus is necessary to enforce our jurisdiction over an appeal in this Court. *See In re Smith*, 263 S.W.3d at 95–96; *In re Washington*, 7 S.W.3d at 182.

Therefore, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8. We dismiss as moot relator's motion for leave to file the petition for writ of mandamus because leave is not required to file an original proceeding in an intermediate appellate court. *See* TEX. R. APP. P. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam); *see also In re Gaona*, No. 13-20-00524-CR, 2020 WL 7214294, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 7, 2020, orig. proceeding) (mem. op., not designated for publication); *In re Ramos*, No. 04-20-00466-CR, 2020 WL 6151001, at *1 (Tex. App.—San Antonio Oct. 21, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication).

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of April, 2022.