

# NUMBER 13-23-00587-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE POLARIS INDUSTRIES, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Silva[1]**

Relator Polaris Industries, Inc. filed a petition for writ of mandamus contending that the trial court abused its discretion by denying relator's motion for leave to designate responsible third parties and by quashing notices of depositions for various witnesses. Relator also seeks emergency relief to stay the trial court proceedings pending the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

resolution of its petition for writ of mandamus.

This original proceeding arises from trial court cause number DC-22-02 in the 229th District Court of Duval County, Texas. Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. Relator seeks mandamus relief against the judge of the 229th District Court of Duval County. However, Duval County is not located within the geographic district for the Thirteenth Court of Appeals, but, instead, is located within the geographic district for the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(e) (delineating the counties comprising the Fourth Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 229th District Court of Duval County. *See id.* § 22.221(b). Further, there is no indication in the record that the requested relief is necessary to enforce our appellate

jurisdiction. *See id.* § 22.221(a). Accordingly, we dismiss the petition for writ of mandamus and request for emergency relief for want of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
21st day of December, 2023.

3