

# NUMBER 13-24-00170-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOSHUA YEOMANS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria**[1]

By pro se petition for writ of mandamus, relator Joshua Yeomans seeks to compel

the judge presiding over relator's civil retaliation case, filed in federal district court in cause

number 2:23-CV-00173, to respond to relator's motions and pleadings.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue writs of mandamus against specified judges "in the court of appeals district" and any "writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that it should be dismissed. We lack jurisdiction to issue a writ against a federal judge. *See id.* § 22.221(b); *see also In re Newsome*, No. 03-13-00009-CV, 2013 WL 238713, at *1 (Tex. App.—Austin Jan. 18, 2013, orig. proceeding [mand. denied]) (mem. op.) (stating in relevant part that the court lacked jurisdiction to issue mandamus relief against a federal district judge); *In re Costley*, No. 10-12-00290-CV, 2012 WL 3629459, at *1 (Tex. App.—Waco Aug. 23, 2012, orig. proceeding) (mem. op.) ("A state court of appeals has no jurisdiction to issue a writ of mandamus against a federal administrative law judge."); *In re Aranda*, No. 08-04-00167-CV, 2004 WL 1719244, at *1 (Tex. App.—El Paso July 29, 2004, orig. proceeding) (mem. op.) (concluding that the government code "does not grant this Court any authority to issue a writ against a federal judge"). Further, relator does not assert that the requested relief is necessary to enforce

2

our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a). Accordingly, we dismiss

the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
4th day of April, 2024.