

# NUMBER 13-25-00628-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE 7-ELEVEN, INC.

## ON APPEAL FROM THE 229TH DISTRICT COURT
## OF STARR COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator 7-Eleven, Inc. complains that the trial court abused its discretion by denying relator's motions for leave to designate responsible third parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. The petition arises from trial court cause number DC-24-64 in the 229th District Court of Starr County, Texas.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* TEX R. APP. P. 52.3, 52.7(a).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). Section 22.221 of the Texas Government Code provides the main source of original jurisdiction for the intermediate courts of appeals. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue a writ of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that we lack jurisdiction over this original proceeding. Relator seeks mandamus relief against the judge of the 229th District Court of Starr County. However, Starr County is not located within the geographic district for the Thirteenth Court of Appeals but is instead located within the geographic district for the

Fourth Court of Appeals. *See id.* § 22.201(e) (delineating the counties comprising the Fourth Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 229th District Court of Starr County. *See id.* § 22.221(b). Additionally, relator does not contend that the writ is necessary to enforce the jurisdiction of this Court, and our review does not indicate otherwise. *See id.* § 22.221(a). Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

JENNY CRON
Justice

Delivered and filed on the
26th day of November, 2025.