

# NUMBER 13-25-00653-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KYLE MITCHELL ODOM

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

Kyle Mitchell Odom filed a pro se pleading in this Court seeking an order authorizing the district court to consider a second or successive application for writ of habeas corpus filed by a person in state custody. *See* 28 U.S.C. § 2254 (providing federal remedies for persons in custody pursuant to the judgment of a state court). Odom does not have a pending appeal in this Court, and he does not reference a final judgment that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

is subject to appeal or a separately appealable interlocutory order. Accordingly, we liberally construe his pro se pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

Odom failed to file an appendix or record in support of his request for relief; however, Odom references trial court cause number SA-25-CA-0018FB in the United States District Court for the Western District of Texas, San Antonio Division. Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus against specified judges "in the court of appeals district" and any "writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b), (c)(1–2).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over Odom's complaint. Specifically, we lack jurisdiction to issue a writ against a federal judge. *See id.* § 22.221(b), (c)(1–2); *see also*

2

*In re Davis*, No. 08-25-00058-CV, 2025 WL 396700, at *1 (Tex. App.—El Paso Feb. 4, 2025, orig. proceeding) (mem. op.); *In re Yeomans*, No. 13-24-00170-CV, 2024 WL 1473755, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 4, 2024, orig. proceeding) (mem. op.); *In re Newsome*, No. 03-13-00009-CV, 2013 WL 238713, at *1 (Tex. App.—Austin Jan. 18, 2013, orig. proceeding [mand. denied]) (mem. op.). In this regard, Odom does not assert that the requested relief is necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a). Further, we lack jurisdiction over any aspect of federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(a); *see also Ex parte Allen*, No. 10-23-00241-CR, 2023 WL 5434493, at *1 (Tex. App.—Waco Aug. 23, 2023, no pet.) (mem. op., not designated for publication). Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
9th day of December, 2025.

3