

# NUMBER 13-26-00484-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DEVON BARRY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

By pro se petition for writ of mandamus, relator Devon Barry seeks to compel Steven McCraw, the Director of the Texas Department of Public Safety, to correct information in the Texas Sex Offender Registry and the National Crime Information Center concerning relator's duty to register. The petition for writ of mandamus arises from trial court cause number D-1-GN-24-002223 in the 261st District Court of Travis County,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Texas. Relator filed a direct appeal from that cause number to the Third Court of Appeals, and the appeal was transferred to this Court by the Supreme Court of Texas in accordance with its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001; Misc. Docket No. 26-9021 (Tex. Mar. 27, 2026).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). Section 22.221 of the Texas Government Code provides the main source of original jurisdiction for the intermediate courts of appeals. *See* TEX. GOV'T CODE § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue a writ of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE § 22.221(a), (b), (c).

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that we lack jurisdiction over this original proceeding. First, our mandamus jurisdiction does not extend to state officials, and relator has not established that mandamus is necessary to enforce this Court's appellate jurisdiction. *See id.* § 22.221(a), (b), (c); *In re McClairne*, No. 14-26-00562-CV, 2026 WL 1691241, at *1 (Tex. App.—Houston [14th Dist.] June 11, 2026, orig. proceeding) (per curiam) (mem. op.); *In re Arabzadegan*, No. 03-26-00233-CV, 2026 WL 679464, at *1 (Tex. App.—Austin Mar. 11, 2026, orig. proceeding) (mem. op.); *In re Jackson*, No. 01-25-00069-CR, 2025 WL 554197, at *1 (Tex. App.—Houston [1st Dist.] Feb. 20, 2025, orig. proceeding) (per curiam) (mem. op.). Second, relator's appeal in our appellate cause

number 13-26-00401-CV was transferred to this Court from the Third Court of Appeals by the Supreme Court of Texas, and that transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See* Misc. Docket No. 26-9021 (Tex. Mar. 27, 2026) ("It is specifically provided that the cases ordered transferred by this order shall not include . . . original proceedings."); *In re Gragg*, No. 13-25-00594-CV, 2025 WL 3170978, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2025, orig. proceeding) (mem. op.); *In re Cortez*, No. 07-24-00096-CR, 2024 WL 1226160, at *1 (Tex. App.— Amarillo Mar. 21, 2024, orig. proceeding) (per curiam) (mem. op.); *In re Doggett*, No. 06-19-00081-CV, 2019 WL 4132505, at *1 (Tex. App.—Texarkana Aug. 30, 2019, orig. proceeding) (mem. op.). Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
18th day of June, 2026.

3